# *NAYDENSKIY LAW GROUP, P.C.*

*1517 Voorhies Ave, 2nd Fl., Brooklyn NY 11235, Naydenskiylaw@gmail.com, (718) 808-2224*

May 19, 2017

**BY ECF**

**Honorable Judge P. Kevin Castel**
**United States District Judge**
**Southern District of New York**
**500 Pearl Street**
**New York, NY 10007**

**Re:**    *Nunez v. Vatrenko Gitlin Dental Offices P.C., et. al.*
        *17-CV-00393 (PKC)*

## MOTION FOR SETTLEMENT APPROVAL

Dear Honorable Judge Castel,

We represent Plaintiff Jennifer Nunez ("Plaintiff") in the above-referenced action. We write to respectfully request judicial approval of the parties' proposed settlement agreement, attached hereto as Exhibit "A". The agreement provides payment of eight thousand two hundred fifty dollars ($8,250), inclusive of attorneys' fees and costs. For the reasons outlined below, Plaintiff submits that the Court's approval is warranted.

## BACKGROUND

Plaintiff filed a Complaint on January 19, 2017 asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay her overtime pay for all hours worked in excess of 40 hours per week, and failing to provide wage notices and accurate wage statements. After Defendants answered, the parties engaged in settlement discussions and agreed to settle Plaintiff's claims.

## CLAIMS AND DEFENSES

Plaintiff alleges she was not paid overtime wages for the times she was required to work in excess of 40 hours per work week. Additionally, Plaintiff alleges Defendants failed to provide her with an initial hiring notice and accurate wage statements as required by NYLL§195.

In order to avoid further litigation, trial, and motion practice, the parties agreed to settle the case.

## SETTLEMENT AMOUNT

Plaintiff alleges that from in or about June 23, 2016 until on or about December 7, 2016, she worked as a receptionist. Except for the first three to four weeks of employment, Defendants scheduled the Plaintiff to work, and Plaintiff allegedly worked, between 42 and 55 hours per work week. During the course of this time Defendants allegedly scheduled Plaintiff to work – and Plaintiff allegedly worked 87.8 overtime hours.

Defendants paid Plaintiff $16 per hour, at a straight time rate of pay for all hours worked per work week, which is far below the overtime rate of one and one-half times the regular hourly rate as required by law for all hours worked in excess of forty (40) hours per week. Plaintiff's overtime rate of pay should have been $24.00.

Thus, Plaintiff would be owed $702.40 (87.8 overtime hours multiplied by $8.00 the unpaid overtime rate) plus liquidated damages (100%) in the amount of $702.40, and $10,000 for Defendants' notice and wage statement violations.

Therefore, Plaintiff's best case award would be $11,404.80. However, Plaintiff recognizes that the damages owed can decrease based on Defendants' proof of hours worked. Thus, a settlement of $8,250- which compensates Plaintiff approximately 72.3% of her best case scenario award, as alleged by the Plaintiff - is a fair and reasonable settlement conducted at arms-length, through the advice of counsel.


## ATTORNEY FEES

In accordance with Plaintiff's professional services-contingency fee agreement with Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will recover $3,066.66, equaling $475 in costs deducted from the $8,250 settlement amount and one-third of the remainder $7,775 which equals $2,591.66. To date Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind to date and their fee has been wholly contingent upon the result achieved.

As a cross check of contingency fees, the Courts routinely look to the lodestar method. *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424.

Here, Plaintiff seeks hourly rates of $250 for Gennadiy Naydenskiy, Principal of Naydenskiy Law Group ("NLG"). Gennadiy Naydenskiy, is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. 99% of Gennadiy Naydenskiy's case load concentrates on wage and hour individual, multi-plaintiff, collective and class actions in this Court, the Southern District of New York, and New York State Courts. Prior to founding Naydenskiy Law Group in October 2014, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates ("HHA") a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions in this Court and in the Southern District of New York. Additionally, prior to being an associate for HHA, Mr. Naydenskiy was a law clerk for HHA from May 2012.

Thus, these hourly rates are in line with hourly rates approved by other courts in this District for attorneys with similar experience. *See e.g. Jemine v. Dennis,* --- F.Supp.2d ---, 2012 WL 4482769 (E.D.N.Y., Sept. 28, 2012) (Mauskopf, DJ)(stating that "the prevailing hourly rates for partners in this district are between $300 and $400"); *Concrete Flotation Sys., Inc., v. Tadco*

*Constr. Corp.*, 2010 WL 2539771, at *4 (E.D.N.Y., 2010)(same). Gennadiy Naydenskiy expanded 6 hours in relation to this matter.

Additionally, Plaintiff seeks hourly rates of $150 for Alex Markhasin. Alex Markhasin, an associate with NLG from March 2017[1], is a Cum Laude 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New York bar in March 2014, and New Jersey Bar in November 2013. Alex Markhasin handles employment law matters with a focus on wage and hour individual, multi-plaintiff, collective and class actions. Prior to joining NLG, he was an extern with the City of Buffalo Law Department assisting with labor and tort litigation matters. In addition to litigation, Alex Markhasin's experience includes advisory and outside counsel work in transactional matters.

These hourly rates for an associate are in line with hourly rates approved by other courts in this District for attorneys with similar experience. *See Jean v. Auto & Tire Spot Corp.*, 2013 WL 2322834, at *7 (E.D.N.Y. Mar. 7, 2013) (recommending hourly fee of $175 hourly for associate with two years' experience), *adopted by*, 2013 WL 2322834 (E.D.N.Y. May 28, 2013). Alex Markhasin expanded 2.2 hours in relation to this matter.

Thus, the contingency amount of $2,591.66 (excluding costs) is approximately 2 times the lodestar amount. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424, 439 (S.D.N.Y.,2014) (Approving a 2.28 lodestar calculation.). Naydenskiy law Group's contemporaneous time records of work performed in relation to the case are attached hereto as exhibit "B".

## THE SETTLEMENT SHOULD BE APPROVED

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated in the Report and Recommendation adopted by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*:

> When deciding whether to approve a motion for settlement of individual FLSA claims, the Court considers whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employers overreaching. In the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation.

---

[1] Alex Markhasin also served as of counsel to Naydenskiy Law Group from November to December 2016.

No. 12 Civ. 3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. July 2, 2013) (Garaufis, J) (citations and internal quotation marks omitted); *see also. e.g.. Calle. et al. v. Elite Specialty Coatings Plus, Inc., et al.,* No. 13 Civ. 6126 (NGG)(VMS), 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 21, 2014) (evaluating and approving a settlement using the above factors as well as comparing the settlement amount to counsel's lodestar); *Jn re Penthouse Executive Cluh Comp. Litig.,* No. 10 Civ. 1145 (KMW), 2014 WL 185628, at *7 (S.D.N.Y. Jan. 14, 2014) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-54 (IIth Cir. 1982) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Tiro v. Public House Investments. LLC,* Nos. 11 Civ. 7679 (CM), *et al,* 2013 WL 4830949, at *JO (S.D.N.Y. Sept. 10, 2013) (citing *Johnson v. Brennan,* No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011); *Lynn's Food Stores,* 679 F.2d at 1353-54) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement, and approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Yuzmy v. HSBC USA. N.A.,* No. 12 Civ. 3693 (PGG), 2013 WL 5492998, at *7 (S.D.N.Y. Oct. 2, 2013) (citing *Lynn's Food Stores,* 679 F.2d at 1354; *McMahon v. Olivier Cheng Catering & Events. LLC,* No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010)) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved."); *Diaz v. Scores Holding Co., Inc.,* No. 07 Civ. 8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement".) (citations omitted); *Hens v. Clientlogic Operating CmlJ.,* No. 05 Civ. 381S (WMS), 2010 WL 5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (approving FLSA – not Rule 23 – settlement where the proposed settlement resolved contested litigation in a *bona fide* dispute, and was the product of lengthy, vigorous arm's length negotiations between experienced counsel).

Based on the above, the proposed settlement, which provides for a payout of $8,250 and was the result of hard fought and arm's-length negotiations between experienced counsel, is fair and should be approved. Further litigation will require both parties to invest substantial time and expenses. While Plaintiff believes she will ultimately prevail on her claims, she acknowledges that she faces risks to establish damages. Based on the above, the $8,250 settlement falls within the range of reasonableness in light of the best possible recovery and all the risks of litigation,and should be approved. *See, e.g. Calle,* 2014 WL 6621081, at *3-4 (declaring the settlement agreement fair and reasonable and approving it); *Serebryakov,* 2013 WL 3364393, at *I (adopting Magistrate Judge's Report and Recommendation to approve FLSA settlement); *Peralta v. Allied Contracting II C0lp.,* No. 09 Civ. 953 (NGG)(RER), 2011 WL 3625501, at *I (E.D.N.Y. Aug. 17, 2011) (same).

Dated: May 19, 2017                                  Naydenskiy Law Group, P.C.
                                                     _____s/_____
                                                     Gennadiy Naydenskiy

1517 Voorhies Ave, 2nd Fl.
Brooklyn, New York 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff*

# EXHIBIT A

## SETTLEMENT AGREEMENT

**IT IS HEREBY AGREED BY AND AMONG,** JENNIFER NUNEZ ("Plaintiff") and

VATRENKO GITLIN DENTAL OFFICES P.C., and MICHAEL GITLIN ("Defendants") as

follows:

**WHEREAS**, Plaintiff commenced an action in United States District Court, Southern

District of New York on January 19, 2017 styled as *JENNIFER NUNEZ v. VATRENKO GITLIN*

*DENTAL OFFICES P.C.*, and *MICHAEL GITLIN*, Index No. 17-cv-00393 (hereinafter the

"Action") in which she has asserted various claims and avers she is entitled to alleged, unpaid

overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate

legal and equitable relief under the Fair Labor Standards Act ("FLSA") and the New York State

Labor Law ("NYLL"), as well as compensation for notice and wage statement violations under

the NYLL; and

**WHEREAS**, Defendants deny all of the material allegations asserted by Plaintiff

and deny and continue to deny that it has violated any law, rule or regulation or committed

any wrong whatsoever against the Plaintiff; and

**WHEREAS**, Plaintiff and Defendants, in good faith, have agreed to avoid the time,

expense and effort of engaging in further litigation by resolving all of their disputes by

entering into this Settlement Agreement (hereinafter, the "Agreement"):

**NOW, THEREFORE**, the Plaintiff and the Defendants hereby agree, for the

consideration and upon the terms set forth in this Agreement, as follows:

1.    In full, final and complete settlement of the claims asserted in the Action

including any and all claims for unpaid wages, overtime pay, liquidated damages, penalties,

interest and any and all other claims and potential claims asserted by the Plaintiff, including

1

attorneys' fees and costs, Defendants hereby agree to cause to be paid to the Plaintiff the sum of Eight Thousand Two Hundred and Fifty Dollars ($8,250) as follows:

(a)    Within 10 days after Court Approval of the Settlement Agreement Defendants will remit the following payment:

    i.    JENNIFER NUNEZ –one check in the amount of Two Thousand Five Hundred Ninety-One Dollars and Sixty-Seven Cents ($2,591.67) minus the lawful deductions via W2 and a second check in the amount of Two Thousand Five Hundred Ninety-One Dollars and Sixty-Seven Cents ($2,591.67) via Form 1099. JENNIFER NUNEZ shall execute and return a W9 with this Agreement.

    ii.    NAYDENSKIY LAW GROUP - Three Thousand Sixty-Six Dollars and Sixty-Six Cents ($3,066.66) for reasonable legal fees and costs.

2.    Plaintiff hereby stipulates, acknowledges and understands that, in consideration of payment of the Settlement Funds, said payment constituting good and valuable consideration, Plaintiff hereby, acting on her own free will and volition, and on behalf of herself, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, release the Defendants, their subsidiaries, affiliates, shareholders, owners, directors, officers, employees, agents, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, from any and all debts, obligations, claims, demands, orders, judgments or causes of action that were asserted in the Action arising before the Effective Date of this Agreement.

3.    Plaintiff understands and agrees that she has been advised to consult with her own attorney before signing this Agreement, and that she has done so by consulting Gennady Naydenskiy, Esq. of the Naydenskiy Law Group, P.C.

DocuSign Envelope ID: 1B12949E-C1BE-427D-BFA5-39F5191BB7A

4.      By entering into this Agreement, none of the parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendants, who expressly deny any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

5.      If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

6.      The parties agree that the United States District Court, Southern District of New York shall retain Jurisdiction for all purposes. The parties agree to re-open the case if Defendants fail to disburse any check as described in Paragraph 1.

7.      In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their

DocuSign Envelope ID: 1B12949E-91BE-4276-B5AF-359AF4C91BB79

rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

8. By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

9. This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

10. This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

11. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

12. This Agreement shall inure to and bind any and all heirs, successors in interest and assigns of the parties in their respective capacities as such.

13. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

4

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

For Defendant(s): Thomas A. Telesca, Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Fl, Uniondale, New York 11556-1425.


Date:        5/19/2017

_Jennifer Nunez_
8488CDE0F61843A...

JENNIFER NUNEZ

Date:                                        Date:


_____            _____

VATRENKO GITLIN DENTAL OFFICES P.C.        MICHAEL GITLIN


By:_____            By:_____

5

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

For Defendant(s): Thomas A. Telesca, Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Fl, Uniondale, New York 11556-1425.

Date:

_____

JENNIFER NUNEZ

Date:                                                Date:

_____              _____

VATRENKO GITLIN DENTAL OFFICES P.C.      MICHAEL GITLIN

By:_____              By:_____

5

# EXHIBIT B

**NAYDENSKIY LAW GROUP, P.C.**
**1517 Voorhies Ave, 2nd Fl.**
**Brooklyn, NY 11235**

Invoice submitted to:

vatrenko

| | |
|---|---|
| Invoice # | **20098** |
| Invoice Date | **05/19/2017** |
| For Services Through | 05/19/2017 |
| Terms: | **N/A** |

| Date | By | Service Summary | Hours/Rate | Amount |
|---|---|---|---|---|
| | | **In Reference To:  vatrenko (Labor)** | | |
| 12/28/2016 | GN | *Meeting*<br>cl intake | 0.50 at $ 250.00/hr | $ 125.00 |
| 01/18/2017 | GN | *Draft*<br>draft complaint | 1.10 at $ 250.00/hr | $ 275.00 |
| 01/18/2017 | GN | *Review*<br>review draft complaint | 0.30 at $ 250.00/hr | $ 75.00 |
| 01/18/2017 | GN | *Documentation*<br>edit draft complaint | 0.10 at $ 250.00/hr | $ 25.00 |
| 02/07/2017 | GN | *Phone Call*<br>tel conf. w/ def atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 02/08/2017 | GN | *Phone Call*<br>tel conf. w/ def atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 03/10/2017 | GN | *Phone Call*<br>tel conf. w/ def atty paralegal re: adjournment | 0.10 at $ 250.00/hr | $ 25.00 |
| 03/30/2017 | GN | *Review*<br>review/edit damages calculations | 0.30 at $ 250.00/hr | $ 75.00 |
| 03/30/2017 | GN | *Phone Call*<br>tel conf. w/ cl re: settlement | 0.10 at $ 250.00/hr | $ 25.00 |
| 03/30/2017 | GN | *Draft*<br>draft email to def. re: settlement demand | 0.10 at $ 250.00/hr | $ 25.00 |
| 03/30/2017 | GN | *Phone Call*<br>tel def. re: adjourn conf. | 0.10 at $ 250.00/hr | $ 25.00 |
| 03/30/2017 | AM | *Review*<br>Damages calculation | 0.30 at $ 150.00/hr | $ 45.00 |
| 04/17/2017 | GN | *Phone Call*<br>tel conf. w/ def atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 04/17/2017 | GN | *Phone Call*<br>tel conf. w/ def re: settlement | 0.10 at $ 250.00/hr | $ 25.00 |
| 04/18/2017 | GN | *Phone Call*<br>tel conf. w/ def atty re: settlement | 0.10 at $ 250.00/hr | $ 25.00 |
| 04/18/2017 | GN | *Phone Call*<br>tel conferences with def atty and cl re: settlement | 0.20 at $ 250.00/hr | $ 50.00 |

Naydenskiy Law Group reserves the right to seek withdrawal from the case if not paid in full within ten (10) days

| 04/18/2017 | GN | *Documentation*<br>draft ltr to court re: adjourn b/c of settlement | 0.20 at $ 250.00/hr | $ 50.00 |
| 05/01/2017 | GN | *Review*<br>review/edit sett agreement | 0.20 at $ 250.00/hr | $ 50.00 |
| 05/01/2017 | AM | *Draft*<br>Settlement letter | 1.00 at $ 150.00/hr | $ 150.00 |
| 05/01/2017 | AM | *Draft*<br>Settlement fairness motion | 0.90 at $ 150.00/hr | $ 135.00 |
| 05/17/2017 | GN | *Review*<br>review def. edits to agreement | 0.10 at $ 250.00/hr | $ 25.00 |
| 05/19/2017 | GN | *Phone Call*<br>tel conf w/ cl | 0.10 at $ 250.00/hr | $ 25.00 |

**In Reference To:  vatrenko (Expenses)**

| 01/19/2017 | GN | *Filing Fee*<br>SDNY filing fee | $400.00 | $ 400.00 |
| 01/26/2017 | GN | *Process Service*<br>process serve | $75.00 | $ 75.00 |

*Total Hours:*    *6.20 hrs*
*Total Labor:* *$ 1,330.00*
*Total Expenses:*    *$ 475.00*
**Total Invoice Amount: $ 1,805.00**
**Previous Balance:      $ 0.00**
**Balance (Amount Due): $ 1,805.00**

Naydenskiy Law Group reserves the right to seek withdrawal from the case if not paid in full within ten (10) days