# NAYDENSKIY LAW GROUP, P.C.

1517 Voorhies Ave, 2nd Fl., Brooklyn NY 11235, Naydenskiylaw@gmail.com, (718) 808-2224

May 19, 2017

**BY ECF**

Honorable Judge P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Nunez v. Vatrenko Gitlin Dental Offices P.C., et. al.*
      *17-CV-00393 (PKC)*

*The settlement is fair, reasonable and adequate and it is approved. The attorneys' fees and expenses are also reasonable and approved. The action is dismissed with prejudice and without costs. All motions are to be terminated by the Clerk and the action closed.*

*SO ORDERED*
*[signature]*
*USDJ*
*6-14-17*

## MOTION FOR SETTLEMENT APPROVAL

Dear Honorable Judge Castel,

We represent Plaintiff Jennifer Nunez ("Plaintiff") in the above-referenced action. We write to respectfully request judicial approval of the parties' proposed settlement agreement, attached hereto as Exhibit "A". The agreement provides payment of eight thousand two hundred fifty dollars ($8,250), inclusive of attorneys' fees and costs. For the reasons outlined below, Plaintiff submits that the Court's approval is warranted.

### BACKGROUND

Plaintiff filed a Complaint on January 19, 2017 asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay her overtime pay for all hours worked in excess of 40 hours per week, and failing to provide wage notices and accurate wage statements. After Defendants answered, the parties engaged in settlement discussions and agreed to settle Plaintiff's claims.

### CLAIMS AND DEFENSES

Plaintiff alleges she was not paid overtime wages for the times she was required to work in excess of 40 hours per work week. Additionally, Plaintiff alleges Defendants failed to provide her with an initial hiring notice and accurate wage statements as required by NYLL§195.

In order to avoid further litigation, trial, and motion practice, the parties agreed to settle the case.

### SETTLEMENT AMOUNT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/17

**MEMO ENDORSED**

Plaintiff alleges that from in or about June 23, 2016 until on or about December 7, 2016, she worked as a receptionist. Except for the first three to four weeks of employment, Defendants scheduled the Plaintiff to work, and Plaintiff allegedly worked, between 42 and 55 hours per work week. During the course of this time Defendants allegedly scheduled Plaintiff to work – and Plaintiff allegedly worked 87.8 overtime hours.

Defendants paid Plaintiff $16 per hour, at a straight time rate of pay for all hours worked per work week, which is far below the overtime rate of one and one-half times the regular hourly rate as required by law for all hours worked in excess of forty (40) hours per week. Plaintiff's overtime rate of pay should have been $24.00.

Thus, Plaintiff would be owed $702.40 (87.8 overtime hours multiplied by $8.00 the unpaid overtime rate) plus liquidated damages (100%) in the amount of $702.40, and $10,000 for Defendants' notice and wage statement violations.

Therefore, Plaintiff's best case award would be $11,404.80. However, Plaintiff recognizes that the damages owed can decrease based on Defendants' proof of hours worked. Thus, a settlement of $8,250- which compensates Plaintiff approximately 72.3% of her best case scenario award, as alleged by the Plaintiff - is a fair and reasonable settlement conducted at arms-length, through the advice of counsel.

## ATTORNEY FEES

In accordance with Plaintiff's professional services-contingency fee agreement with Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will recover $3,066.66, equaling $475 in costs deducted from the $8,250 settlement amount and one-third of the remainder $7,775 which equals $2,591.66. To date Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind to date and their fee has been wholly contingent upon the result achieved.

As a cross check of contingency fees, the Courts routinely look to the lodestar method. *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424.

Here, Plaintiff seeks hourly rates of $250 for Gennadiy Naydenskiy, Principal of Naydenskiy Law Group ("NLG"). Gennadiy Naydenskiy, is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. 99% of Gennadiy Naydenskiy's case load concentrates on wage and hour individual, multi-plaintiff, collective and class actions in this Court, the Southern District of New York, and New York State Courts. Prior to founding Naydenskiy Law Group in October 2014, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates ("HHA") a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions in this Court and in the Southern District of New York. Additionally, prior to being an associate for HHA, Mr. Naydenskiy was a law clerk for HHA from May 2012.

Thus, these hourly rates are in line with hourly rates approved by other courts in this District for attorneys with similar experience. *See e.g. Jemine v. Dennis*, --- F.Supp.2d ---, 2012 WL 4482769 (E.D.N.Y., Sept. 28, 2012) (Mauskopf, DJ)(stating that "the prevailing hourly rates for partners in this district are between $300 and $400"); *Concrete Flotation Sys., Inc., v. Tadco*

*Constr. Corp.*, 2010 WL 2539771, at *4 (E.D.N.Y., 2010)(same). Gennadiy Naydenskiy expanded 6 hours in relation to this matter.

Additionally, Plaintiff seeks hourly rates of $150 for Alex Markhasin. Alex Markhasin, an associate with NLG from March 2017[1], is a Cum Laude 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New York bar in March 2014, and New Jersey Bar in November 2013. Alex Markhasin handles employment law matters with a focus on wage and hour individual, multi-plaintiff, collective and class actions. Prior to joining NLG, he was an extern with the City of Buffalo Law Department assisting with labor and tort litigation matters. In addition to litigation, Alex Markhasin's experience includes advisory and outside counsel work in transactional matters.

These hourly rates for an associate are in line with hourly rates approved by other courts in this District for attorneys with similar experience. *See Jean v. Auto & Tire Spot Corp.*, 2013 WL 2322834, at *7 (E.D.N.Y. Mar. 7, 2013) (recommending hourly fee of $175 hourly for associate with two years' experience), *adopted by*, 2013 WL 2322834 (E.D.N.Y. May 28, 2013). Alex Markhasin expanded 2.2 hours in relation to this matter.

Thus, the contingency amount of $2,591.66 (excluding costs) is approximately 2 times the lodestar amount. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424, 439 (S.D.N.Y.,2014) (Approving a 2.28 lodestar calculation.). Naydenskiy law Group's contemporaneous time records of work performed in relation to the case are attached hereto as exhibit "B".

## THE SETTLEMENT SHOULD BE APPROVED

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated in the Report and Recommendation adopted by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*:

> When deciding whether to approve a motion for settlement of individual FLSA claims, the Court considers whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employers overreaching. In the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment ; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation.

---

[1] Alex Markhasin also served as of counsel to Naydenskiy Law Group from November to December 2016.

No. 12 Civ. 3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. July 2, 2013) (Garaufis, J) (citations and internal quotation marks omitted); *see also. e.g.. Calle. et al. v. Elite Specialty Coatings Plus, Inc., et al.,* No. 13 Civ. 6126 (NGG)(VMS), 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 21, 2014) (evaluating and approving a settlement using the above factors as well as comparing the settlement amount to counsel's lodestar); *Jn re Penthouse Executive Cluh Comp. Litig.,* No. 10 Civ. 1 145 (KMW), 2014 WL 185628, at *7 (S.D.N.Y. Jan. 14, 2014) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-54 (IIth Cir. 1982) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Tiro v. Public House Investments. LLC,* Nos. 11 Civ. 7679 (CM), *et al,* 2013 WL 4830949, at *JO (S.D.N.Y. Sept. 10, 2013) (citing *Johnson v. Brennan,* No. 10 Civ. 4712 (CM), 201 1 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 201 1); *Lynn's Food Stores,* 679 F.2d at 1353-54) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement, and approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Yuzmy v. HSBC USA. N.A.,* No. 12 Civ. 3693 (PGG), 2013 WL 5492998, at *7 (S.D.N.Y. Oct. 2, 2013) (citing *Lynn's Food Stores,* 679 F.2d at 1354; *McMahon v. Olivier Cheng Catering & Events. LLC,* No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010)) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved."): *Diaz v. Scores Holding Co., Inc.,* No. 07 Civ. 8718 (THK), 201 1 W L 6399468, at *2 (S.D.N.Y. July 1 1, 201 1) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement".) (citations omitted); *Hens v. Clientlogic Operating CmlJ.,* No. 05 Civ. 381S (WMS), 2010 WL 5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (approving FLSA – not Rule 23 – settlement where the proposed settlement resolved contested litigation in a *bonafide* dispute, and was the product of lengthy, vigorous arm's length negotiations between experienced counsel).

Based on the above, the proposed settlement, which provides for a payout of $8,250 and was the result of hard fought and arm's-length negotiations between experienced counsel, is fair and should be approved. Further litigation will require both parties to invest substantial time and expenses. While Plaintiff believes she will ultimately prevail on her claims, she acknowledges that she faces risks to establish damages. Based on the above, the $8,250 settlement falls within the range of reasonableness in light of the best possible recovery and all the risks of litigation, and should be approved. *See, e.g. Calle,* 2014 WL 6621081, at *3-4 (declaring the settlement agreement fair and reasonable and approving it); *Serebryakov,* 2013 WL 3364393, at *I (adopting Magistrate Judge's Report and Recommendation to approve FLSA settlement); *Peralta v. Allied Contracting II C01p.,* No. 09 Civ. 953 (NGG)(RER), 201 1 WL 3625501, at *I (E.D.N.Y. Aug. 17, 2011) (same).

Dated: May 19, 2017                                   Naydenskiy Law Group, P.C.
                                                      _____s/_____
                                                      Gennadiy Naydenskiy